ROBERT SYRING, APPELLEE, v. IGNACY ZELENSKI, AP-
PELLANT.

Submitted December 5, 1908—Decided February 23, 1909.

1. Defendant's wife made a contract with the plaintiff for the performance of certain work. No express contract was made by the husband, but it was insisted that the contract was made by the wife as agent for her husband, and that he had ratified the contract of his agent, because, at one time while the work was in progress, he said to the plaintiff, "My wife is boss. Anything as far as the wife goes that's all right. You will get your money." *Held,* that this statement did not show a ratification by the defendant of a contract made by the wife for him as his agent.

2. Where the law requires that the state of the case shall be agreed upon or settled within fifteen days, unless the judge shall grant further time, the settling of such case by the court after fifteen days will, in the absence of anything appearing to the contrary, be presumed to have been done within the further grant of time authorized by the law.

On appeal from the Hoboken District Court.

Before Justices REED, BERGEN and MINTURN.

For the appellant, *Tennant & Haight.*

For the appellee, *Clement de R. Leonard.*

The opinion of the court was delivered by

BERGEN, J. The state of the case, as settled by the trial court, shows that the plaintiff made a contract with the wife of defendant for the performance of the work sued for, and for which the judgment appealed from was rendered; that the plaintiff had no conversation with defendant about the work except once, when the defendant said, while the work was being done, "My wife is boss. Anything as far as the wife goes that's all right. You will get your money." Upon this evidence the trial court found that the contract was made by the wife as agent for her husband, and that there had been a ratification of the agent's contract in his behalf by the defendant. It is insisted by the appellee, the plaintiff below, that this finding of fact cannot be reviewed. The rule is well settled that in cases of this character the finding of facts will not be reviewed if the evidence is sufficient to sustain the finding, but in this case we have a right to consider whether the statements made by the husband, the defendant, are sufficient to sustain the finding that he ratified the act of his wife, to the extent of binding himself for its fulfillment. There is no finding that a contract was made by the husband as principal, and the evidence does not show ratification by him of the contract made by the wife; on the contrary it tends to show that the wife was acting on her own responsibility, and that she would pay. The appellee also argues that the state of the case was not signed within the time required by law. The act regulating appeals from the District Court to the Supreme Court (*Pamph. L.* 1902, *p.* 565) provides that a party may appeal if notice be given within ten days (that was done in this case); that if parties cannot agree on the state of the case the judge,

on being applied to, shall settle and sign it, after which it shall be transmitted by the appellant to the clerk of this court; that the case shall be agreed upon or settled within fifteen days unless the judge shall grant further time. In this case the parties were not able to agree, and applied to the court to settle the case, and it does not appear that anyone was responsible for the delay except the court, from which it is proper to infer, without any evidence or record to the contrary, that the time was extended by it. The statute does not require that there should be an order entered extending the time for settling the state of the case by the court, and in the absence of anything to the contrary the presumption is that the proceeding was regular.

The judgment should be reversed.